# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Karen Spencer,<br><br>    Plaintiff,<br><br>vs.<br><br>Experian Information Solutions, Inc.,<br>and<br>Mountain Run Solutions, LLC<br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, KAREN SPENCER, BY AND THROUGH COUNSEL, MICHAEL B. HALLA, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

3. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Denton County, Texas.

5. Venue is proper in the Eastern District of Texas.

## PARTIES

6. Plaintiff is a natural person residing in Lantana, Denton County, Texas, and is a "consumer" for purposes of the FCRA.

7. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc., ("Experian") is an Ohio corporation that conducts business in the State of Texas; and

   b. Mountain Run Solutions LLC, ("Mountain Run") is a foreign limited liability company that conducts business in the State of Texas.

## GENERAL ALLEGATIONS

8. Mountain Run is reporting a fraudulent tradeline ("False Tradeline") on Plaintiff's credit disclosure.

9. Specifically, Mountain Run is reporting its False Tradeline on an account opened in February 2020, regarding a debt allegedly owed to Vivint with a balance of $2,628.00 on Plaintiff's Experian credit disclosure.

10. The account reflected by the False Tradeline does not belong to Plaintiff as she is a victim of identity theft and should not be reporting on Plaintiff's Experian credit disclosure.

11. On November 2, 2020, Plaintiff filed a Police Report with the Denton County Sheriff's Office documenting the theft of her identity.

12. On November 28, 2020, Plaintiff obtained her Experian credit file and discovered the False Tradeline reported by Mountain Run.

13. On or about December 28, 2020, Plaintiff's through Credit Repair Lawyers of America submitted a letter to Experian disputing the False Tradeline.

14. In her dispute letter, Plaintiff explained that the account reflected by the False Tradeline is fraudulent and does not belong to her as she is a victim of identity theft. She attached a copy of the police report and asked Experian to delete the False Tradeline.

15. Experian forwarded Plaintiff's consumer dispute to the Mountain Run.

16. Mountain Run received Plaintiff's consumer dispute from Experian.

17. On March 15, 2021, having not received Experian's investigation results, Plaintiff obtained his Experian credit disclosure which showed that Experian and Mountain Run failed or refused to delete the False Tradeline.

18. The False Tradeline is false and misleading. It is also driving the Plaintiff's credit score down making it harder for her to obtain jobs, housing and meet living expenses.

19. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the error in her credit file and her inability to improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MOUNTAIN RUN SOLUTIONS, LLC

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Experian of Plaintiff's consumer dispute of the accuracy of the information it was providing, Mountain Run negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

22. Mountain Run negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Experian to delete the False Tradeline.

23. The False Tradeline is inaccurate and create a misleading impression on Plaintiff's consumer credit files with Experian, to which it is reporting such tradeline.

24. As a direct and proximate cause of Mountain Run's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Mountain Run is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

26. Plaintiff has a private right of action to assert claims against Mountain Run arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grant her a judgment against the Defendant Mountain Run for damages, costs, interest, and attorneys' fees.

### COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MOUNTAIN RUN SOLUTIONS, LLC

27. Plaintiff realleges the above paragraphs if recited verbatim.

28. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, Mountain Run willfully failed to conduct a

proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Experian to delete the False Tradeline.

29. Mountain Run willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

30. As a direct and proximate cause of Mountain Run's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

31. Mountain Run is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grant her a judgment against the Defendant Mountain Run for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

34. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

35. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

36. After receiving Plaintiff's consumer dispute to the False Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

38. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grant her a judgment against Defendant Experian for actual damages, costs, interest, and attorneys' fees.

### COUNT IV - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

41. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

42. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

43. After receiving Plaintiff's consumer dispute to the False Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grant her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### COUNT V - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY MOUNTAIN RUN SOLUTIONS, LLC

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. At all relevant times Defendant, Mountain Run, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

48. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

49. Defendant, Mountain Run, is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

50. Defendants' Mountain Run's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e by reporting credit information which is known to be false.

51. To date, and as a direct and proximate cause of the Defendant Mountain Run's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score. Defendant Mountain Run has willfully continued to report false information on the Plaintiff's credit report.

52. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS that this Honorable Court** grant her a judgment against Defendant Mountain for statutory damages, actual damages, costs, interest, and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: May 25, 2021

By: */s/ Michael B. Halla*
Michael B. Halla, Esq.
Attorney at Law

        Texas State Bar No. 00793128
        187 Rolling Court,
        Lancaster, Texas 75146
        Telephone: (469) 518.0872
        Facsimile:  (214) 540.9333
        email: mhalla@hallalawfirm.com
*Attorneys for Plaintiff,*
*Karen Spencer*