# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| KAREN SPENCER, § | |
| § | |
| *Plaintiff* § | |
| § | |
| v. § | Civil Action No. 4:21-CV-00393 |
| § | Judge Mazzant |
| EXPERIAN INFORMATION § | |
| SOLUTIONS, INC. and MOUNTAIN RUN § | |
| SOLUTIONS, LLC § | |
| § | |
| *Defendants.* § | |
| § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Entry of Default Judgment against Mountain Run Solutions, LLC (Dkt. #20). Having considered the Motion, the Court finds it should be **GRANTED in part.**

### BACKGROUND

On May 25, 2021, Plaintiff Karen Spencer ("Plaintiff") filed suit against Defendants Mountain Run Solutions, LLC ("Mountain Run") and Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (Dkt. #1). Generally, Plaintiff alleges that Mountain Run violated the FCRA and FDCPA by reporting a false tradeline on her Experian credit disclosure. (Dkt. #1 ¶ 9-10).

More specifically, Plaintiff alleges that in late November 2020, she obtained her Experian credit file and discovered that Mountain Run was reporting a tradeline for a debt allegedly owed by Plaintiff to Vivint in the amount of $2,628.000 (the "alleged debt") (Dkt. #1 ¶ 12). However, Plaintiff alleges the alleged debt does not belong to her as she is a victim of identity theft (Dkt. #1

¶ 10). Indeed, on November 2, 2020, Plaintiff filed a police report with the Denton County Sheriff's Office documenting the identify theft (Dkt. #1 ¶ 11).

On December 28, 2020, Plaintiff's attorney sent a letter to Experian explaining that the alleged debt was fraudulent and did not belong to Plaintiff as she was a victim of identity theft (Dkt. #1 ¶ 14). In the letter, Plaintiff also requested Experian to delete the alleged debt (Dkt. #1 ¶ 14). Further, according to Plaintiff, Experian forwarded Plaintiff's dispute to Mountain Run, and Mountain Run received it (Dkt. #1 ¶¶ 15–16). Plaintiff alleges, however, that Mountain Run failed to conduct a proper investigation of Plaintiff's dispute (Dkt. #1 ¶ 21). Plaintiff further alleges that she later obtained her Experian credit disclosure, which indicated that Experian and Mountain Run had failed or refused to delete the false tradeline (Dkt. #1 ¶ 17). According to Plaintiff, Mountain Run's reporting of the alleged debt caused her credit score to go down and caused her to suffer stress, anxiety, worry, frustration, and anger (Dkt. #1, Exhibit 1). Further, according to Plaintiff, she also lost her job because of the stress and loss of sleep (Dkt. #1, Exhibit 1).

As noted, on May 25, 2021, Plaintiff filed suit (Dkt. #1). After filing suit, Plaintiff reached a settlement with Experian, leaving Mountain Run as the only remaining defendant (Dkt. #21). Mountain Run received service on June 21, 2021 (Dkt. #4). Mountain Run's answer was due by July 12, 2021 (Dkt. #4). Yet, to date, Mountain Run has not filed an answer or otherwise provided a defense. On September 3, 2021, Plaintiff requested a Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a), (Dkt. #15), which was entered on September 7, 2021 (Dkt. #16). On January 24, 2021, Plaintiff filed the present motion seeking an entry of default judgment (Dkt. #20).

**LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. Securing a default judgment involves a three-step procedure: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendant does not plead or otherwise respond to the complaint. *Id*. An "entry of default" is the notation the clerk makes after the default is established by affidavit. *Id.* Here, because Defendant Mountain Run has failed to properly answer or otherwise appear to defend against Plaintiff's claims and Plaintiff has obtained an entry of default, the first two requisites for a default judgment have been met. Thus, the only remaining issue for determination is whether a default judgment is warranted.

Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). However, though entries of default judgment are generally disfavored in the law, entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint. *Lacey v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973), *cert. denied*, 414 U.S. 1073 (1973).

**ANALYSIS**

Courts in the Fifth Circuit utilize a three-part analysis to determine whether default judgment is appropriate: (1) whether the entry of default is procedurally warranted, (2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and (3) what

3

form of relief, if any, a plaintiff should receive. *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citations omitted). The Court applies this framework and finds that default judgment as to liability is appropriate.

### I. Default judgment is procedurally warranted.

Prevailing law within the Fifth Circuit sets forth factors for courts to weigh when determining whether default judgment is procedurally warranted:

> [1] whether material issues of fact are at issue; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. Analysis of these factors establishes that default judgment is procedurally warranted.

#### a. No issues of material fact are present.

Because Mountain Run failed to answer Plaintiff's Complaint or otherwise appear, Mountain Run admits Plaintiff's well-pleaded allegations of fact, except regarding damages. *Nishimatsu Construction Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, there are no issues of material fact.

#### b. Default judgment would not be harsh or result in substantial prejudice.

Mountain Run failed to respond to the claims asserted in this matter. Indeed, Mountain Run has not appeared, filed a pleading, or communicated with Plaintiff's counsel, and there is no indication that Mountain Run intends to do so. Further, Mountain Run received ample notice of the suit, as complaint and summons were delivered on June 21, 2021 (Dkt. #4). Taking the well-pleaded facts as true, Plaintiff has asserted valid causes of action. Plaintiff properly requested entry of judgment in her favor (Dkt. #15). And the Motion for Default Judgment has been on file for more than four months with no response (Dkt. #20). Thus, a default judgment is not unusually

harsh in this case as Mountain Run has had ample opportunity to respond after receiving notice of this action. *See Cunningham v. Crosby Billing Services, Co.*, Civ. A. No. 4:18-cv-00043-ALM-CAN, 2018 WL 6424792, at *3 (E.D. Tex. Oct. 14, 2018). Moreover, because Mountain Run's failure to file responsive pleadings "threatens to bring the adversary process to a halt," Plaintiff has experienced prejudice "in pursuing its rights afforded by law." *Ins. Co. of the West v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-cv-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013). Accordingly, the second factor supports a finding that default judgment is procedurally warranted.

### c. The grounds for default judgment are clearly established.

The record indicates that Plaintiff successfully perfected service of process on Mountain Run (Dkt. #4). Nevertheless, Mountain Run failed to respond to the Complaint, the Request for Entry of Default, and the present motion. When the defendant's failure to respond is "plainly willful, as reflected by [the defendant's] failure to respond either to the summons and complaint, the entry of default, or the motion for default," then grounds for default are clearly established. *See Graham*, 2017 WL 2600318, at *2 (alteration original). Thus, the Court finds that the grounds for default against Mountain Run are clearly established.

### d. Default is not due to excusable neglect or good faith mistake.

Again, Plaintiff properly served Mountain Run (Dkt. #4). Mountain Run failed to respond, let alone offer evidence that its unresponsiveness is due to a "good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. Further, nothing in the record indicates that Plaintiff has contributed to the delay of this action or otherwise given the Court any reason to set aside default judgment.

Plaintiff, accordingly, has met the procedural requirements for default judgment.

### II.     The pleadings demonstrate a sufficient basis for default judgment.

After establishing default is procedurally warranted, the Court must determine if there is a sufficient basis for judgment. *Nishimatsu*, 515 F.2d at 1206.  Although Mountain Run is deemed to have admitted the allegations set forth in Plaintiff's Complaint in light of an entry of default, the Court must review the pleadings to determine whether the Complaint presents a sufficient basis for relief. *Lindsey*, 161 F.3d at 893.  The Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co.*, 515 F.2d at 1206).  "Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted)).  Upon review of Plaintiff's complaint and Motion for Default Judgment, the Court finds that Plaintiff has pleaded a sufficient basis as to each of her claims under the FCRA and FDCPA.

### A. 15 U.S.C. § 1681—Fair Credit Reporting Act

Plaintiff alleges Mountain Run violated the FCRA by willfully and negligently failing to comply with the requirements of § 1681s-2(b) of the FCRA (Dkt. #1 ¶¶ 20–31).

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "Although 'the FCRA primarily regulates consumer credit

reporting agencies, the statute also creates various obligations on "furnishers of information" to provide accurate information to consumer credit reporting agencies.'" *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 794 (N.D. Tex. 2014) (quoting *Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 WL 3338537, at *14 (W.D. Tex. Aug. 23, 2010)). More specifically, § 1681s-2(b)(1) of the FCRA requires a "furnisher of information," upon receiving notice of a dispute from a consumer reporting agency ("CRA") regarding information provided to that agency, to: 1) conduct a reasonable investigation of the disputed information; (2) review all relevant information provided in the notification; (3) report the results of its investigation to the CRA; (4) report the investigation results to other CRAs if the information furnished is incomplete or inaccurate; and (5) modify, delete, or block reporting of inaccurate or incomplete information. 15 U.S.C. § 1681s-2(b); *Darden v. Trans Union, LLC*, No. 6:12-CV-297, 2013 WL 12125739, at *2 (E.D. Tex. Oct. 28, 2013).

Although the Fifth Circuit has not specifically addressed the issue, court in the Fifth Circuit have held that consumers can bring private suits for violations of § 1681s-2(b). *Paul v. Trans Union, LLC*, No. 4:20-CV-00794, 2021 WL 3503393, at *4 (E.D. Tex. July 21, 2021), *report and recommendation adopted*, 2021 WL 3487485, at *5 (E.D. Tex. Aug. 9, 2021); *see also Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (declining to address whether a private right of action exists under § 1681s-2(b) but noting that the "plain language of the FCRA . . . appears to impose civil liability on 'any person' violating a FCRA duty unless some exception applies"). Indeed, while § 1681o creates a private right of action for negligent violations of the Act, § 1681n provides a similar remedy for willful violations.

To recover on a claim against a furnisher of credit information—such as Mountain Run—a plaintiff must prove four elements: "(1) the furnisher provided inaccurate credit information

7

about Plaintiff to a CRA; (2) Plaintiff notified a CRA that this information in his or her credit report was inaccurate; (3) the CRA notified the furnisher of the dispute; and (4) after receiving this notice, the furnisher failed to conduct a reasonable investigation and provide notice to the CRA to correct the reporting errors." *Schoch v. Wells Fargo Home Mortg.*, No. 4:16-CV-619-ALM-CAN, 2017 WL 2385626, at *4 (E.D. Tex. Apr. 11, 2017)*, report and recommendation adopted*, 2017 WL 2312079, at *1 (E.D. Tex. May 26, 2017) (listing elements).

Here, Plaintiff has established each of the four requisite elements to establish a violation of § 1681s-2(b). Plaintiff's Complaint alleges Mountain Run provided inaccurate credit reporting information about Plaintiff to Experian, a consumer reporting agency—namely a false tradeline regarding the alleged debt. Plaintiff further alleges she contacted Experian and disputed the information. Specifically, Plaintiff alleges that her dispute letter explained that the alleged debt was fraudulent and did not belong to Plaintiff as she was a victim of identity theft. According to Plaintiff, Experian forwarded her dispute to Mountain Run, which Mountain Run received. Plaintiff alleges, however, that Mountain Run failed to conduct a proper investigation of Plaintiff's dispute and failed to direct Experian to delete the false tradeline. Moreover, Plaintiff alleges that Mountain Run acted willfully and/or negligently. As a result, Plaintiff was damaged. Accordingly, the Court finds that Plaintiff has sufficiently stated a claim against Mountain Run under the FCRA. *See Bradford v. Telerecovery*, No. 16-2933, 2017 WL 2573947, at *8 (E.D. La. June 14, 2021) (finding plaintiff sufficiently stated a claim where plaintiff alleged that she disputed the reported credit information, that defendant was notified by a CRA of plaintiff's dispute, and that defendant failed to conduct an investigation and modify the inaccurate information).

### B. 15 U.S.C. § 1692—Fair Debt Collection Practices Act

Plaintiff further alleges that Mountain Run violated 15 U.S.C. § 1692e of the FDCPA by reporting the alleged debt which was known to be false (Dkt. #1).

"The purpose of the [FDCPA] is to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Hunsinger v. Sko Brenner Am., Inc.*, No. 3:13-CV-0988-D, 2014 WL 1462443, at *2 (N.D. Tex. Apr. 15, 2014) (citing *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 668 (5th Cir. 2012)). Accordingly, the FDCPA prohibits "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Further, "[s]ection 1692e furnishes a nonexclusive list of prohibited practices." *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016). For example, under § 1692e(2)(A), a debt collector may not falsely represent "the character, amount, or legal status of any debt[.]" 15 U.S.C. § 1692e(2)(A).

To establish a viable claim under § 1692e, Plaintiff must show: (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *See Caldera v. RMA Recovery Grp. LLC*, No. 5-18-CV-00807-DAE, 2020 WL 3883257, at *4 (W.D. Tex. July 9, 2020). The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). "Debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id*.

9

§ 1692a(5). Further, under the FDCPA, "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id*. § 1692a(6).

Here, Plaintiff has pleaded that she is a consumer, and Mountain Run is a debt collector for purposes of the FDCPA. Further, Plaintiff alleges that Mountain Run furnished false credit information to Experian, a consumer reporting agency. More specifically, according to Plaintiff, Mountain Run violated § 1692e(2)(A) by reporting the alleged debt though Mountain Run was notified that the debt was fraudulent since Plaintiff was a victim of identity theft and the account did not belong to her. Thus, taking Plaintiff's allegations as true, she has alleged that Mountain Run violated the FDCPA by reporting the alleged debt to Experian though Mountain Run knew it was false. *See Bradford*, 2017 WL 2573947, at *8 (finding plaintiff sufficiently stated a claim under the FDCPA where plaintiff alleged the defendant reported credit information to Experian that it knew or should have known was false). As such, Plaintiff has sufficiently stated a claim against Mountain Run under § 1692e of the FDCPA.

In sum, Plaintiff has alleged sufficient facts to state claims under § 1681s-2(b) of the FCRA and § 1692e(2)(A) of the FDCPA. Thus, because the default judgment is procedurally warranted and there is a sufficient basis in the pleadings, Plaintiff is entitled to a default judgment with respect to the issue of liability. However, in order for the Court to enter judgment, it is necessary to determine the amount of damages. The Court turns to this issue.

### III.   Form of relief

Having concluded a default judgment is appropriate, the Court must determine if Plaintiff's requested remedies are appropriate upon the entry of default judgment. Plaintiff requests that the

Court enter default judgment in the amount of $1,000 in statutory damages under the FDCPA; $30,000 for actual damages under the FCRA; and $30,000 for punitive damages under the FCRA, for a total of $61,000 in damages, plus costs and attorneys' fees (Dkt. #20 at p. 10). In support of her request, Plaintiff submitted a two-page declaration explaining that she has suffered "from loss of sleep, hair loss, stress, anxiety, worry, frustration, and anger as a result of Mountain Run Financing Inc's refusal to delete the false tradeline" (Dkt. #20, Exhibit 1). In the alternative, Plaintiff requests that the Court schedule an evidentiary hearing to determine the amount of her damages (Dkt. #20 at p. 10).

In awarding relief, a court should generally not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, if the amount of damages is a "liquidated sum or one capable of mathematical calculation," a hearing is not required. *Id.* (citation omitted). *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Further, federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* Fed. R. Civ. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010).

Here, the Court finds that in accordance with Rule 55(b)(2), a hearing should be conducted with respect to damages. *See* FED. R. CIV. P. 55(b)(2)(B). At the hearing, the Court will hear argument and consider evidence on Plaintiff's request for damages under the FDCPA and FCRA. Further, Plaintiff shall also be prepared to present evidence and facts in support of its argument that Mountain Run willfully violated the FCRA, and, as such, Plaintiff is entitled to punitive damages. *See* FED. R. CIV. P. 55(b)(2)(C). To be sure, "[t]he mere allegation that the employer violated the FCRA is not sufficient to show a willful violation." *Chappie v. Energi Pros LLC*, No.

CV H-19-4456, 2020 WL 3978398, at *4 (S.D. Tex. June 10, 2020), *report and recommendation adopted*, No. CV H-19-4456, 2020 WL 3972533 (S.D. Tex. July 14, 2020).

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Entry of Default Judgment against Mountain Run (Dkt. #20) is hereby **GRANTED in part.** Plaintiff is entitled to a default judgment on liability, but the Court declines to award damages until after a hearing is conducted.

The date and time of the hearing on Plaintiff Motion for Entry of Default Judgment (Dkt. #20) will be set by the Court following the entry of this Order.

The clerk is directed to mail a copy of this Order to Defendant Mountain Run Solutions, LLC and its Registered Agent, Registered Agent Solutions Inc., 901 S. 2nd St., Ste. 201, Springfield IL 62704.

**IT IS SO ORDERED.**

SIGNED this 28th day of April, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE